| **Hogue v Board of Educ. of the City Sch. Dist. of the City of N.Y.** |
|:---:|
| 2024 NY Slip Op 30774(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159968/2021 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. ARLENE P. BLUTH**</u>

*Justice*

-----------------------------------------------------------------------------X

JAMES HOGUE,

                Petitioner,

- v -

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK, COMMUNITY
SCHOOL DISTRICT 28 OF THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK

                Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **PART** | **14** |
| **INDEX NO.** | 159968/2021 |
| **MOTION DATE** | 03/04/2024[1] |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for         <u>           ARTICLE 78           </u> .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for         <u>    AMEND CAPTION/PLEADINGS    </u> .

        Motion Sequence Numbers 001 and 002 are consolidated for disposition. The cross-motion by respondents to dismiss the petition (MS001) is granted. Petitioner's motion (MS002) to amend is denied.

**Background**

        This proceeding arises out of an arbitration decision issued after an impasse between the City of New York's the Department of Education ("DOE") and the United Federation of Teachers ("UFT") concerning the COVID-19 vaccine mandate. Petitioner is a tenured teacher for

---

[1] The Court observes that this proceeding was pending before at least two different judges over the past few years. Although this proceeding was only transferred to the undersigned on March 4, 2024, the Court, nevertheless, apologizes on behalf of the court system for the lengthy delay in the resolution of this dispute.

**159968/2021  HOGUE, JAMES vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK ET AL
Motion No.  001 002**

               **Page 1 of 5**

[* 1]

respondents and refused to comply with the vaccine mandate or a binding arbitration award's process for seeking an exemption. He contends he was placed on leave without pay in October 2021 after failing to meet the deadline to show proof that he received at least one vaccination dose or that he received an accommodation. Petitioner commenced this proceeding to *inter alia* challenge the arbitration award and to demand that he receive the disciplinary process afforded to tenured teachers under the Education Law.

Respondents contend that the petition should be dismissed because petitioner failed to name a necessary party, he lacks standing to challenge the arbitral award at issue here and he fails to state a cause of action. They explain that the award resolved an impasse between DOE and petitioner's union (UFT) and therefore petitioner cannot independently challenge that determination. Respondents observe that petitioner failed to name UFT as a party to this proceeding. Respondents also assert that the vaccination requirement is a condition of employment and so petitioner's claims about the ordinary disciplinary process are inapplicable.

In opposition to the cross-motion, petitioner admits he was not a party to the arbitration award but claims that he has standing to challenge it. He claims he is entitled to the disciplinary process provided to tenured teachers. Petitioner argues that UFT is not a necessary party because it will not be affected by any decision concerning the arbitral award. He insists that Education Law § 3020-a (which sets forth procedures about disciplinary hearings for teachers) is applicable and he is entitled to that process.

Petitioner contends that he never waived any of his legal rights and that his placement in a "leave without pay" status was arbitrary and capricious. He adds that the arbitrator exceeded his authority and that the entire arbitration award must therefore be vacated.

**159968/2021   HOGUE, JAMES vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 2 of 5**

2 of 5

In reply, respondents contend that petitioner did not show that he has standing, that he failed to join UFT as a party and that he failed to exhaust his administrative remedies. They argue that Education Law § 3020-a does not apply because petitioner was not subject to discipline and that he was provided the required process under the relevant collective bargaining agreement.

**Discussion**

The Court observes that Appellate Division, First Department has decided the very issues raised here in *O'Reilly v Bd. of Educ. of City School Dist. of City of New York* (213 AD3d 560, 561, 185 NYS3d 14 [1st Dept 2023]). In that case, the First Department observed that:

> "We are asked on this appeal to decide whether tenured public school teachers are bound by the results of an arbitration initiated by their union, the United Federation of Teachers (UFT), pursuant to Civil Service Law § 209 to resolve an impasse over the implementation of the COVID–19 vaccine mandate. The September 10, 2021 Impact Award, which petitioners challenge in this hybrid article 75/ article 78 proceeding, established a procedure for handling requests for religious and medical exemptions. The article 75 claims were properly dismissed, as petitioners lack standing to challenge the Impact Award and failed to join UFT as a necessary party. The article 75 claims also fail on the merits. As to the article 78 claims, petitioners are unable to show that DOE made an error of law or acted irrationally" (*id*. at 561).

The vaccination requirement for DOE employees was considered a condition of employment and the arbitral award provided for religious and medical exemptions (*id*. at 562-63). The First Department concluded that the DOE petitioners in the combined appeal lacked standing (*id*. at 565). "When a union represents employees during arbitration, only that union – not individual employees – may seek to vacate the resulting award" (*id*.).

Moreover, just as here, the petitioners in *O'Reilly* failed to name the UFT, which was a necessary party (*id.*). "UFT advocated successfully for the exemptions, accommodations, and extended benefits for teachers otherwise unwilling to be vaccinated, all of which were prescribed in the Impact Award. Accordingly, UFT would be adversely impacted by a judgment favorable

**159968/2021   HOGUE, JAMES vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 3 of 5**

3 of 5

[* 3]

to petitioners and is thus a necessary party. Because the limitations period for article 75 proceedings has expired, any action brought now against UFT would be untimely" (*id*.).

The First Department's decision also rejected other arguments raised by petitioner in this proceeding, including that petitioner has standing to challenge whether the arbitrator exceeded his power or that the award violates public policy (*id*. at 565-66).

In this Court's view, the *O'Reilly* decision compels the Court to grant the respondents' cross-motion to dismiss as it addresses seemingly every single argument raised by petitioner. This is not a proceeding in which the petitioner asks this Court to consider the denial of his individual request for an accommodation—petitioner admits he did not request an accommodation at all. Rather, he challenges the arbitral award itself and the First Department has held that he lacks standing to do so.

**MS002**

In this motion, petitioner seeks leave to amend to add the UFT as a respondent if the Court finds that UFT is a necessary party. He also seeks to add claims for undue influence and fraud against those involved in the arbitration.

The Court denies the motion as moot in light of the First Department's decision in *O'Reilly*. The First Department has ruled that the vaccination mandate and the accommodation process was a condition of employment and that teachers, such as petitioner, lacked standing to challenge the subject arbitral award. Adding UFT at this juncture would not compel a different outcome.

Accordingly, it is hereby

ORDERED that respondents' cross-motion to dismiss is granted; and it is further

ORDERED that petitioner's motion (MS002) to amend is denied; and it is further

**159968/2021   HOGUE, JAMES vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 4 of 5**

4 of 5

INDEX NO. 159968/2021

RECEIVED NYSCEF: 03/11/2024

ADJUDGED that the petition is denied, this proceeding is dismissed and the Clerk is directed to enter judgment accordingly along with costs and disbursements upon presentation of proper papers therefor.

| | | | | |
|---|---|---|---|---|
| **3/11/2024** | | | **ARLENE P. BLUTH, J.S.C.** | |
| **DATE** | | | | |
| **CHECK ONE:** | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| **APPLICATION:** | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159968/2021   HOGUE, JAMES vs. THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 5 of 5**

[* 5]